**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| BAXTER HEALTHCARE CORP., BAXTER INTERNATIONAL INC. AND BAXTER HEALTHCARE SA,<br><br>Plaintiffs,<br>v.<br><br>SAGENT PHARMACEUTICALS (INC.) AND GLAND PHARMA LIMITED,<br><br>Defendants. | ) | C.A. No. ______________<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiffs Baxter Healthcare Corp., Baxter International Inc., and Baxter Healthcare SA (collectively “Baxter” or “Plaintiffs”), by their undersigned attorneys, file this Complaint against defendants Sagent Pharmaceuticals (Inc.) (“Sagent”) and Gland Pharma Limited (“Gland”) (collectively “Defendants”) herein, and allege as follows:

**NATURE OF THE ACTION**

1. This is a civil action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, that arises out of the submission by Defendants of Abbreviated New Drug Application (“ANDA”) No. 219692 to the U.S. Food and Drug Administration (“FDA”) pursuant to Section 505(j)(2)(A) of the Federal Food, Drug, and Cosmetic Act (i.e., 21 U.S.C. § 355(j)(2)(A)), seeking approval to manufacture and sell Norepinephrine Bitartrate in 5% Dextrose Injection (16 mcg/mL, 32 mcg/mL) (“Defendants’ ANDA Product”). Defendants’ ANDA relies on investigations in Baxter’s New Drug Application No. 214313 (“Baxter’s NDA”) for Norepinephrine Bitartrate in 5% Dextrose Injection (eq. 16 mcg/mL (4 mg/250 mL), eq. 32 mcg/mL (8 mg/250 mL), eq. 64 mcg/mL (16 mg/250 mL)) (“Baxter’s Dextrose Norepinephrine Product”). Sagent, in collaboration with Gland, sought and received

approval to manufacture and sell Defendants' ANDA Product prior to the expiration of U.S. Patent Nos. 12,290,494 (the "'494 patent") and 12,714,681 (the "'681 patent") ("the patents-in-suit"), which are listed in the *Approved Drug Products with Therapeutic Equivalence Evaluations* (an FDA publication commonly known as the "Orange Book") for Baxter's Dextrose Norepinephrine Product. Sagent has informed Baxter that it intends to distribute and sell Defendants' ANDA Product throughout the United States beginning on or after December 1, 2026.

## THE PARTIES

2. Plaintiff Baxter Healthcare Corp. is a corporation organized and existing under the laws of the State of Delaware, with offices at One Baxter Parkway, Deerfield, Illinois 60015.

3. Baxter Healthcare Corp. is the holder of Baxter's NDA, which has been approved as a catecholamine for treatment of severe, acute hypotension.

4. Baxter's Dextrose Norepinephrine Product is sold and marketed in the United States under FDA approval of Baxter's NDA.

5. Baxter Healthcare Corp. is a wholly-owned subsidiary of Baxter International Inc.

6. Plaintiff Baxter Healthcare SA is a corporation organized and existing under the laws of Switzerland, with offices at Thurgauerstrasse 130, 8152 Glattpark, Opfikon, Switzerland.

7. Baxter Healthcare SA is a wholly-owned subsidiary of Baxter International Inc.

8. Plaintiff Baxter International Inc. is a corporation organized and existing under the laws of the State of Delaware, with offices at One Baxter Parkway, Deerfield, Illinois 60015.

9. On information and belief, Defendant Sagent is a corporation organized and existing under the laws of the State of Wyoming, having a business address at 1515 E. Woodfield Road, Suite 1110, Schaumburg, Illinois 60173.

10. On information and belief, Defendant Gland is a corporation organized and existing under the laws of India with its principal place of business at Survey No. 143-148, 150 & 151 Near Gandimaisamma 'X' Roads D.P. Pally, Dundigal Gandimaisamma Mandal Medchal-Malkajgiri District, Hyderabad 500043, Telangana, India.

11. On information and belief, Defendants are in the business of, *inter alia*, developing, manufacturing, marketing, distributing, and directly and/or indirectly selling generic pharmaceutical products throughout the United States (including in the State of Delaware), and importing generic pharmaceutical products into the United States (including into the State of Delaware).

12. On information and belief, Defendants have acted collaboratively in the preparation, submission, and filing of Defendants' ANDA.

13. On information and belief, the FDA approved Defendants' ANDA on August 11, 2025.

14. Sagent has informed Baxter that it intends to distribute and sell Defendants' ANDA Product throughout the United States, including within Delaware, beginning on or after December 1, 2026.

15. On information and belief, beginning on or after December 1, 2026, Defendants intend to benefit by directly participating in the development, regulatory approval, marketing, manufacture, importation, distribution, and/or sale of Defendants' ANDA Product.

**JURISDICTION AND VENUE**

16. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

17. On October 21, 2026, Sagent, through its attorneys at Neal Gerber Eisenberg

LLP, confirmed that Sagent consents to being sued in the District of Delaware for purposes of this litigation.

18. This Court has personal jurisdiction over Gland under Fed. R. Civ. P. 4(k)(1) and/or Fed. R. Civ. P. 4(k)(2).

19. This Court has personal jurisdiction over Gland by virtue of the fact that, *inter alia*, Gland has committed the tortious act of patent infringement pursuant to 35 U.S.C. § 271(e)(2)(A) that has led to foreseeable harm and injury to Plaintiffs in the State of Delaware and throughout the United States. On information and belief, Gland has participated in, assisted with, and contributed to the preparation, submission, and filing of Defendants' ANDA and approval of Defendants' ANDA Product, which following approval, Sagent intends to make, use, import, sell, and/or offer for sale in the United States, including in Delaware, prior to the expiration of the patents-in-suit.

20. To the extent that Gland is found not to be subject to personal jurisdiction in this Court under Federal Rule of Civil Procedure 4(k)(1)(A), Gland is subject to personal jurisdiction in this Court under Federal Rule of Civil Procedure 4(k)(2) because (a) Plaintiffs' claims arise under federal law; (b) Gland is a foreign defendant not subject to personal jurisdiction in the courts of any state; and (c) Gland has sufficient contacts with the United States as a whole, including, but not limited to, preparing and submitting an ANDA to the FDA and/or manufacturing and/or selling pharmaceutical products distributed throughout the United States, such that this Court's exercise of jurisdiction over Gland satisfies due process.

21. This Court has personal jurisdiction over Gland at least because, among other things, Gland has purposefully availed itself of the benefits and protections of Delaware laws such that it should reasonably anticipate being haled into court here. On information and belief: (i)

Gland manufactures and distributes drug products for sale throughout the United States, including in Delaware; (ii) Gland is doing business in Delaware and maintains continuous and systematic contacts with this Judicial District; (iii) Gland has committed, induced, and/or contributed to acts of patent infringement in Delaware; (iv) Gland has purposefully directed its activities at residents and corporate entities within the State of Delaware; (v) the claims set forth herein against Gland arise out of or relate to those activities; (vi) Gland's contacts with the State of Delaware (direct and/or indirect) are continuous and systematic; (vii) it is reasonable and fair for this Court to exercise personal jurisdiction over Gland; and (viii) Gland has actively collaborated with Sagent on the preparation, submission, and filing of Defendants' ANDA with the FDA, and in view of the FDA's approval, Defendants' ANDA Product will be marketed and distributed by Sagent in the State of Delaware, prescribed by physicians practicing in the State of Delaware, dispensed by pharmacies located within the State of Delaware, and used by patients in the State of Delaware.

22. On information and belief, Gland's participation in and contribution to the preparation, submission, and filing of Defendants' ANDA are acts with real and injurious consequences giving rise to this infringement action, including the present and/or anticipated commercial manufacture, use, and/or sale of Defendants' ANDA Product before the expiration of the patents-in-suit throughout the United States, including in this Judicial District. Because defending against an infringement lawsuit such as this one is an essential and expected part of an ANDA filer's business, Gland reasonably anticipates being sued in Delaware.

23. On information and belief, Defendants work in concert with respect to the regulatory approval, manufacturing, marketing, sale, and distribution of pharmaceutical products throughout the United States, including in this Judicial District.

24. Gland, in collaboration with Sagent, has taken the significant step of submitting

Defendants' ANDA to the FDA for approval to engage in future activities, which, upon information and belief, will be purposefully directed at this Judicial District.

25. On information and belief, in view of the FDA's approval of Defendants' ANDA, Defendants' ANDA Product will be sold and marketed in Delaware.

26. For the reasons described above, among others, the preparation and filing of Defendants' ANDA was suit-related conduct with a substantial connection to Delaware and this District, and the exercise of personal jurisdiction over Gland does not offend traditional notions of fair play and substantial justice. This Court may properly exercise personal jurisdiction over Gland.

27. In addition, this Court has personal jurisdiction over Gland because, on information and belief, Gland has previously invoked, stipulated, and/or consented to personal jurisdiction in patent litigations in this Judicial District. *See, e.g.*, *Allergan, Inc. et al. v. Gland Pharma Ltd.*, C.A. No. 20- 932-CFC, D.I. 17 at 1 (D. Del. Mar. 11, 2021); *Genzyme Corp. et al. v. Gland Pharma Ltd.*, C.A. No. 18-1071-KAJ, D.I. 16 at 2 (D. Del. Jan. 23, 2020). Moreover, on information and belief, Gland has further availed itself of the benefits of this forum through the assertion of counterclaims in patent infringement actions in this Judicial District. *See, e.g.*, *Actelion Pharmaceuticals Ltd v. Gland Pharma Ltd.*, C.A. No. 24-434-JLH, D.I. 23 at 3-5 (D. Del. Sept. 23, 2024); *Astellas US LLC et al. v. Gland Pharma Ltd.*, C.A. No. 20- 347-CFC, D.I. 10 at 4-5 (D. Del. Apr. 17, 2020); *Vifor Fresenius Medical Care Renal Pharma Ltd. et al. v. Gland Pharma Ltd. et al.*, C.A. No. 1:25-cv-01382-CFC, ECF No. 18 at 17-20, 113-39 (D. Del. Jan. 30, 2026).

28. With respect to Sagent, venue is proper in this Judicial District under 28 U.S.C. § 1400(b). With respect to Gland, venue is proper in this Judicial District pursuant to 28 U.S.C.

§§ 1391(b) and/or 1391(c).

## FACTS AS TO ALL COUNTS

29. Baxter Healthcare Corp. is the holder of NDA No. 214313, which was approved by FDA for the manufacture and sale of Baxter's Dextrose Norepinephrine Product. Baxter's Dextrose Norepinephrine Product is approved as a catecholamine for treatment of severe, acute hypotension.

30. On January 15, 2021, FDA approved the eq. 16 mcg/mL strength of Baxter's Dextrose Norepinephrine Product.

31. On January 15, 2021, FDA approved the eq. 32 mcg/mL strength of Baxter's Dextrose Norepinephrine Product.

32. On November 21, 2023, FDA approved the eq. 64 mcg/mL strength of Baxter's Dextrose Norepinephrine Product.

33. In September 2021, Baxter launched the 16 mcg/mL and 32 mcg/mL strengths of Baxter's Dextrose Norepinephrine Product as the first and only ready-to-use premixed norepinephrine in dextrose product in the United States.

34. On January 26, 2024, Baxter launched the 64 mcg/mL strength of Baxter's Dextrose Norepinephrine Product in the United States.

35. Pursuant to 21 U.S.C. § 355(b)(1), the '494 patent and '681 patent are listed in the Orange Book as covering Baxter's Dextrose Norepinephrine Product (at strengths of eq. 16 mcg/mL and 32 mcg/mL).

36. Baxter International Inc. and Baxter Healthcare SA are the assignees of the patents-in-suit.

37. The '494 patent (attached as Exhibit A hereto), titled "Packaged, sealed container system for stable storage of an oxygen sensitive pharmaceutical formulation" was duly and legally

issued on May 6, 2025, to Baxter International Inc. and Baxter Healthcare SA.

38. The ’681 patent (attached as Exhibit B hereto), titled “Packaged, sealed container system for stable storage of an oxygen sensitive pharmaceutical formulation” was duly and legally issued on August 25, 2026, to Baxter International Inc. and Baxter Healthcare SA.

39. On August 25, 2026, Plaintiffs notified Sagent of the existence of the ’681 patent, and therefore, Sagent has been aware of the ’681 patent since at least August 25, 2026.

40. On information and belief, Gland has been aware of the existence of the ’681 patent since at least August 25, 2026.

41. On information and belief, pursuant to § 505(j) of the Federal Food, Drug, and Cosmetic Act (“FDCA”) (codified at 21 U.S.C. § 355(j)), Defendants have prepared, submitted, and filed with FDA, and FDA has received, Defendants’ ANDA, seeking approval to engage in the commercial manufacture, use, importation, offer for sale, and/or sale of Defendants’ ANDA Product before the expiration of the patents-in-suit throughout the United States, including in this Judicial District.

42. U.S. Patent No. 12,097,170 (the “’170 patent”), titled “Packaged, Sealed Container System for Stable Storage of an Oxygen Sensitive Pharmaceutical Formulation,” was duly and legally issued to Baxter International Inc. and Baxter Healthcare SA on September 24, 2024.

43. The ’170 patent, the ’494 patent, and the ’681 patent were listed in the FDA’s Orange Book for the 16 mcg/mL and 32 mcg/mL strengths on September 30, 2024, May 16, 2025, and September 14, 2026, respectively.

44. 21 U.S.C. § 355(j)(2)(B)(iv)(II) requires that a letter notifying a patent holder of the filing of an ANDA containing a paragraph IV certification “include a detailed statement of the

factual and legal basis of the opinion of the applicant that the patent is invalid or will not be infringed." Likewise, 21 C.F.R. § 314.95(c)(7) requires a paragraph IV notification to include "[a] detailed statement of the factual and legal basis of the applicant's opinion that the patent is not valid, unenforceable, or will not be infringed." The detailed statement is to include "(i) [f]or each claim of a patent alleged not to be infringed, a full and detailed explanation of why the claim is not infringed" and "(ii) [f]or each claim of a patent alleged to be invalid or unenforceable, a full and detailed explanation of the grounds supporting the allegation." 21 C.F.R. §§ 314.95(c)(7)(i)–(ii).

45. Sagent, through its attorneys at Neal Gerber Eisenberg LLP, sent a letter dated October 3, 2024 ("the 2024 Notice Letter") to Baxter purporting to provide notification that Defendants' ANDA contains certifications under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) (a "paragraph IV certification") with regard to the '170 patent.

46. Sagent, through its attorneys at Neal Gerber Eisenberg LLP, sent a letter dated June 18, 2025 ("the 2025 Notice Letter") to Baxter purporting to provide a notification that Sagent had amended Defendants' ANDA to contain a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) (a "paragraph IV certification") with regard to the '494 patent.

47. Sagent has been aware of the '494 patent since at least June 18, 2025.

48. On information and belief, Gland has been aware of the '494 patent since at least June 18, 2025.

49. Both the 2024 Notice Letter and the 2025 Notice Letter (collectively "Notice Letters") identify Jeffrey S. Ward, Neal, Gerber & Eisenberg, 225 West Randolph Street, Suite 2800, Chicago, Illinois, 60606 as agent authorized to accept service of process for Sagent and/or

Gland.[1]

50. On information and belief, the FDA approved Defendants' ANDA on August 11, 2025.

51. On information and belief, Sagent has indicated that it intends to market and distribute Defendants' ANDA Product throughout the United States on or after December 1, 2026.

52. On information and belief, Defendants collaborated in the development of Defendants' ANDA Product and were both actively involved in seeking approval from the FDA to sell Defendants' ANDA Product throughout the United States, including within this Judicial District.

53. On information and belief, Defendants prepared and submitted Defendants' ANDA and together prosecuted and maintained Defendants' ANDA prior to the FDA's approval.

54. On information and belief, Gland has provided, or caused to be provided, information, documentation, technical aid, regulatory support and/or other assistance in connection with the preparation, submission, and filing of Defendants' ANDA.

55. On information and belief, Gland's activities in connection with Defendants' ANDA were knowingly undertaken in furtherance of, and with the expectation of, the development, regulatory approval, manufacture, commercialization, and/or distribution of Defendants' ANDA Product in the United States, including within this Judicial District.

56. On information and belief, Defendants are preparing to make, use, sell, offer for sale, and/or import Defendants' ANDA Product in anticipation of its stated December 1, 2026

[1] Both the 2024 Notice Letter and the 2025 Notice Letter state that Jeffrey S. Ward of Neal, Gerber & Eisenberg is authorized to accept service of process for "Gland" with respect to "ANDA No. 219237." The ANDA number for Defendants' ANDA Product is 219692. For purposes of this Complaint, Plaintiffs construe the notice letters as referring to ANDA No. 219692.

launch date.

57. On information and belief, beginning on or after December 1, 2026, Defendants' ANDA Product will be marketed as a competing product to Baxter's Dextrose Norepinephrine Product.

58. Defendants' ANDA Product will infringe claims 1-20 of the '681 patent. Below, Baxter uses claim 1 of the '681 patent as exemplary of the infringement analysis for purposes of this Complaint only, with further information about claim 1 (and other claims of the '681 patent) to be provided at the appropriate time.

59. Claim 1 of the '681 patent recites "[a] packaged, sealed container system for stable storage of a ready-to-use, stable norepinephrine formulation, the packaged, sealed container system comprising: a primary container comprising a ready-to-use, stable norepinephrine formulation therein, the ready-to-use, stable norepinephrine formulation comprising: about 0.015 mg/ml to about 0.035 mg/ml norepinephrine; dextrose; and a pH between 3.4 and 4.0; wherein the ready-to-use, stable norepinephrine formulation is free of an antioxidant; a secondary container comprising a first flexible sheet layer, an opposing second flexible sheet layer, and a seal disposed along a common peripheral edge of the first and second flexible sheet layers, wherein the primary container is disposed between and enclosed by the first and second flexible sheet layers of the secondary container; and an oxygen scavenger disposed between and enclosed by the first and second flexible sheet layers of the secondary container, the oxygen scavenger being in fluid communication with the contents of the primary container, wherein the primary container is an intravenous (IV) bag; and wherein the ready-to-use, stable norepinephrine formulation does not comprise sodium chloride, wherein the norepinephrine is in the form of norepinephrine bitartrate monohydrate, and wherein the ready-to-use, stable norepinephrine formulation retains at least

about 90% of an initial activity as measured by an initial and a final amount of R-norepinephrine present in the formulation after storage for at least 120 days at 25° C."

60. On information and belief, to the extent that the preamble of claim 1 is limiting, Defendants' ANDA Product comprises a packaged, sealed container system for stable storage of a ready-to-use, stable norepinephrine formulation.

61. On information and belief, the packaged, sealed container system in Defendants' ANDA Product comprises a primary container comprising a ready-to-use, stable norepinephrine formulation therein.

62. On information and belief, the ready-to-use, stable norepinephrine formulation in Defendants' ANDA Product comprises about 0.015 mg/ml to about 0.035 mg/ml norepinephrine.

63. On information and belief, the ready-to-use, stable norepinephrine formulation in Defendants' ANDA Product comprises dextrose.

64. On information and belief, the ready-to-use, stable norepinephrine formulation in Defendants' ANDA Product has a pH between 3.4 and 4.0.

65. On information and belief, the ready-to-use, stable norepinephrine formulation in Defendants' ANDA Product is free of an antioxidant.

66. On information and belief, the packaged, sealed container system in Defendants' ANDA Product comprises a secondary container comprising a first flexible sheet layer, an opposing second flexible sheet layer, and a seal disposed along a common peripheral edge of the first and second flexible sheet layers, wherein the primary container is disposed between and enclosed by the first and second flexible sheet layers of the secondary container; and an oxygen scavenger disposed between and enclosed by the first and second flexible sheet layers of the

secondary container, the oxygen scavenger being in fluid communication with the contents of the primary container.

67. On information and belief, the primary container in Defendants' ANDA Product is an intravenous (IV) bag.

68. On information and belief, the ready-to-use, stable norepinephrine formulation in Defendants' ANDA Product does not comprise sodium chloride.

69. On information and belief, the norepinephrine in Defendants' ANDA Product is in the form of norepinephrine bitartrate monohydrate.

70. On information and belief, the package insert for Defendants' ANDA Product states that the product contains norepinephrine bitartrate monohydrate.

71. On information and belief, the ready-to-use, stable norepinephrine formulation in Defendants' ANDA Product retains at least about 90% of an initial activity as measured by an initial and a final amount of R-norepinephrine present in the formulation after storage for at least 120 days at 25° C.

72. On September 30, 2026, Sagent sent Baxter an email entitled "21 Days Advance Notice of Launch–Norepinephrine in Dextrose (4 mg/250 ml and 8 mg/250 ml); Our Ref. 034246.6001," stating: "By this email, Sagent hereby provides Baxter with 21 days advance notice of Sagent's launch of Sagent's norepinephrine in dextrose (4 mg/250 ml and 8 mg/250 ml) products that are the subject of Defendants' ANDA No. 219692."

73. On October 2, 2026, Sagent subsequently notified Baxter that it will not launch "its product until December 1, 2026."

74. On November 3, 2026, Sagent produced a purported copy of Sagent's ANDA No. 219692 and related FDA correspondence to counsel for Baxter.

75. On November 16, 2026, Sagent informed Baxter by email that it had shipped 5 samples each of the 4 mg/250 mL and 8 mg/250 mL strengths of Defendants' ANDA Product on Friday, November 13, 2026 to Baxter.

76. There is an actual case or controversy between the parties regarding Defendants' liability for their infringement of the patents-in-suit.

77. The 2025 Notice Letter does not disclose any indefiniteness contentions for the '494 patent.

78. The 2025 Notice Letter does not disclose any unenforceability contentions for the '494 patent.

79. The 2025 Notice Letter does not provide a full and detailed explanation of the factual and legal basis of noninfringement, invalidity and/or unenforceability for any claim of any patent for which Defendants have made a paragraph IV certification.

**FIRST COUNT**
(Infringement of the '494 Patent by Defendants)

80. Plaintiffs repeat and reallege each of the foregoing paragraphs as if fully set forth herein.

81. On information and belief, Defendants sought FDA approval for the manufacture, marketing, sale, and/or distribution of Defendants' ANDA Product.

82. On information and belief, in connection with Defendants' ANDA, Defendants submitted a paragraph IV certification to the '494 patent to obtain approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of Defendants' ANDA Product before the expiration of the '494 patent.

83. On information and belief, Defendants will commercially manufacture, sell, offer for sale, and/or import Defendants' ANDA Product, beginning on or after December 1, 2026.

84. On information and belief, as of the date of the 2025 Notice Letter, Defendants were aware of the statutory provisions and regulations set forth in 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7).

85. The inclusion of a paragraph IV certification to the ’494 patent in Defendants’ ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of Defendants’ ANDA Product before the expiration of the ’494 patent is an act of infringement by Defendants of one or more claims of the ’494 patent under 35 U.S.C. § 271(e)(2)(A) directly and/or indirectly, literally or under the doctrine of equivalents, including by inducement and/or contributory infringement.

86. On information and belief, Defendants’ commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Defendants’ ANDA Product that is the subject of Defendants’ ANDA will infringe one or more claims of the ’494 patent under 35 U.S.C. § 271(a), 35 U.S.C. § 271(b), and/or 35 U.S.C. § 271(c).

87. On information and belief, Defendants are aware of the existence of the ’494 patent at least because the ’494 patent is listed in the FDA’s Orange Book for Baxter’s Dextrose Norepinephrine Product. On information and belief, Defendants acted without a reasonable basis for believing that they would not be liable for infringement of the ’494 patent, thus rendering this case “exceptional” under 35 U.S.C. § 285.

88. The acts of infringement set forth above will cause Plaintiffs irreparable harm for which they have no adequate remedy at law, unless Defendants are preliminarily and permanently enjoined by this Court.

## SECOND COUNT
(Infringement of the ’681 Patent by Defendants)

89. Plaintiffs repeat and reallege each of the foregoing paragraphs as if fully set forth

herein.

90. On information and belief, Defendants collaboratively sought FDA approval for the manufacture, marketing, sale, and/or distribution of Defendants' ANDA Product.

91. On information and belief, in connection with Defendants' ANDA, Defendants submitted a paragraph IV certification to the '170 patent and '494 patent to obtain approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of Defendants' ANDA Product before the expiration of the '681 patent.

92. On information and belief, Defendants will commercially manufacture, sell, offer for sale, and/or import Defendants' ANDA Product, beginning on or after December 1, 2026.

93. On information and belief, as of the dates of the 2024 Notice Letter and 2025 Notice Letter, Defendants were aware of the statutory provisions and regulations set forth in 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7).

94. The submission, filing, and maintenance of Defendants' ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Defendants' ANDA Product before the expiration of the '681 patent is an act of infringement by Defendants of the '681 patent under 35 U.S.C. § 271(e)(2)(A) directly and/or indirectly, literally or under the doctrine of equivalents, including by inducement and/or contributory infringement.

95. On information and belief, Defendants' commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Defendants' ANDA Product that is the subject of Defendants' ANDA will infringe one or more claims of the '681 patent under 35 U.S.C. § 271(a), 35 U.S.C. § 271(b), and/or 35 U.S.C. § 271(c).

96. On information and belief, Defendants have been aware of the '681 patent since

at least August 25, 2026, including through Plaintiffs' express notice to Sagent of the '681 patent. On information and belief, Defendants have been aware that Defendants' commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Defendants' ANDA Product that is the subject of Defendants' ANDA will infringe one or more claims of the '681 patent. On information and belief, Defendants are aware that the '681 patent is listed in the FDA's Orange Book for Baxter's Dextrose Norepinephrine Product. Nevertheless, despite this knowledge, Sagent has represented that it will launch Defendants' ANDA Product in the United States beginning as early as December 1, 2026. Therefore, Defendants' deliberate infringement of the '681 patent, despite their knowledge of the patent and their infringement, constitutes willful infringement and provides a basis for enhanced damages under 35 U.S.C. § 284.

97. On information and belief, Defendants have been aware of the '681 patent since on or about August 25, 2026, including through Plaintiffs' express notice to Sagent of the '681 patent. On information and belief, Defendants are aware that the '681 patent is listed in the FDA's Orange Book for Baxter's Dextrose Norepinephrine Product. On information and belief, Defendants have been aware that Defendants' commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Defendants' ANDA Product that is the subject of Defendants' ANDA will infringe one or more claims of the '681 patent. Nevertheless, despite this knowledge, Sagent has represented that it will launch Defendants' ANDA Product in the United States beginning as early as December 1, 2026. Therefore, Defendants are imminently going to act without a reasonable or meritorious basis for believing that they would not be liable for infringement of the '681 patent, thus rendering this case "exceptional" under 35 U.S.C. § 285.

98. The acts of infringement set forth above will cause Plaintiffs irreparable harm for which they have no adequate remedy at law, unless Defendants are preliminarily and permanently

enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

i. A judgment declaring that the ’494 patent is valid and enforceable;

ii. A judgment declaring that, pursuant to 35 U.S.C. § 271(e)(2)(A), the submission to FDA and filing of Defendants’ ANDA with a paragraph IV certification to obtain approval for the commercial manufacture, use, sale, offer for sale, and/or importation in the United States of the product that is the subject of Defendants’ ANDA was an act of infringement of the ’494 patent by Defendants directly and/or indirectly, including by inducement and/or contributory infringement;

iii. A judgment declaring that, pursuant to 35 U.S.C. § 271(a), 35 U.S.C. § 271(b), and/or 35 U.S.C. § 271(c), the commercial manufacture, use, sale, offer for sale, and/or importation in the United States of the product that is the subject of Defendants’ ANDA prior to the expiration of the ’494 patent, including any regulatory extensions, will constitute an act of infringement by Defendants directly and/or indirectly, including by inducement and/or contributory infringement;

iv. An order that, pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of the product that is the subject of Defendants’ ANDA shall be no earlier than the date on which the ’494 patent expires including any regulatory extensions;

v. A judgment pursuant to 35 U.S.C. §§ 271(e)(4)(B) and 283 preliminarily and permanently enjoining Defendants and their officers, agents, servants, employees and attorneys, and those persons in active concert or participation or privity with them or any of them, from engaging in the commercial manufacture, use, sale, offer for sale, and/or importation in the United States of the product that is the subject of Defendants’ ANDA until the expiration of the ’494

patent including any regulatory extensions;

vi. A judgment awarding Plaintiffs damages or other monetary relief, pursuant to 35 U.S.C. §§ 271(e)(4)(C) and 284, if Defendants commercially manufacture, use, sell, offer to sell, and/or import any product that is the subject of Defendants' ANDA that infringes the '494 patent;

vii. A judgment declaring that infringement of the '494 patent is willful if Defendants commercially manufacture, use, sell, offer to sell, and/or import any product that is the subject of Defendants' ANDA that infringes the '494 patent;

viii. A judgment declaring that the '681 patent is valid and enforceable;

ix. A judgment declaring that, pursuant to 35 U.S.C. § 271(e)(2)(A), the submission to FDA and filing of Defendants' ANDA to obtain approval for the commercial manufacture, use, sale, offer for sale, and/or importation in the United States of the product that is the subject of Defendants' ANDA was an act of infringement of the '681 patent by Defendants directly and/or indirectly, including by inducement and/or contributory infringement;

x. A judgment declaring that, pursuant to 35 U.S.C. § 271(a), 35 U.S.C. § 271(b), and/or 35 U.S.C. § 271(c), the commercial manufacture, use, sale, offer for sale, and/or importation in the United States of the product that is the subject of Defendants' ANDA prior to the expiration of the '681 patent, including any regulatory extensions, will constitute an act of infringement by Defendants directly and/or indirectly, including by inducement and/or contributory infringement;

xi. An order that, pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of the product that is the subject of Defendants' ANDA shall be no earlier than the date on which the '681 patent expires including any regulatory extensions;

xii. A judgment pursuant to 35 U.S.C. §§ 271(e)(4)(B) and 283 preliminarily and

permanently enjoining Defendants and their officers, agents, servants, employees and attorneys, and those persons in active concert or participation or privity with them or any of them, from engaging in the commercial manufacture, use, sale, offer for sale, and/or importation in the United States of the product that is the subject of Defendants' ANDA until the expiration of the '681 patent including any regulatory extensions;

xiii. A judgment awarding Plaintiffs damages or other monetary relief, pursuant to 35 U.S.C. §§ 271(e)(4)(C) and 284, including a judgment finding willful infringement and awarding up to treble damages, for any and all commercial manufacture, use, sale, offer to sell, and/or importation of any product that is the subject of Defendants' ANDA that infringes the '681 patent;

xiv. A judgment awarding Plaintiffs their taxable costs;

xv. A judgment awarding Plaintiffs prejudgment and post-judgment interest;

xvi. A judgment declaring that, pursuant to 35 U.S.C. § 285, this is an exceptional case and awarding Plaintiffs their attorneys' fees and related nontaxable expenses; and

xvii. Such other and further relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a jury trial on all issues so triable.

*[Signature follows on next page]*

POTTER ANDERSON & CORROON LLP

By: /s/ *Philip A. Rovner*
Philip A. Rovner (No. 3215)
Nicole K. Pedi (No. 6236)
1313 N. Market Street, 7th Floor
Wilmington, DE 19801
(302) 984-6000
provner@potteranderson.com
npedi@potteranderson.com

*Attorneys for Plaintiffs Baxter Healthcare Corp., Baxter International Inc. and Baxter Healthcare SA*

OF COUNSEL:

Edgar H. Haug (*pro hac vice* forthcoming)
Kaitlin M. Farrell (*pro hac vice* forthcoming)
Nicholas F. Giove (*pro hac vice* forthcoming)
Andrew S. Wasson (*pro hac vice* forthcoming)
Andrew S. Roper (*pro hac vice* forthcoming)
HAUG PARTNERS LLP
745 Fifth Avenue
New York, New York 10151
(212) 588-0800

Dated: November 19, 2026
15035620